UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>FIDEL ANTONIO MENDEZ,<br><br>                    Defendant. | No.  CR-12-6024-FVS<br><br>ORDER DENYING DEFENDANT'S<br>MOTION TO DISMISS COUNT 2 |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss Count 2 of the Superseding Indictment.  (ECF No. 51). Defendant is represented by Diane E. Hehir.  The Government is represented by Alexander C. Ekstrom.

**BACKGROUND**

On May 8, 2012, Defendant was charged by indictment with possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871.  (ECF No. 1).  On September 11, 2012, a superseding indictment charged Defendant with possession of an unregistered firearm (Count 1) and felon in possession of a firearm (Count 2). (ECF No. 47).

Count 2 of the Superseding Indictment alleges a violation of 18 U.S.C. § 922(g)(1).  Section 922(g)(1) criminalizes the possession of a firearm by an individual who has previously been convicted in any court of a "crime punishable by imprisonment exceeding one year."  18 U.S.C. § 922(g)(1).  The charge in Count 2 is based on Defendant's 2006 juvenile adjudication of guilt for the offense of Unlawful Possession of a Firearm in the Second Degree.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT 2 - 1

**DISCUSSION**

**I.  Juvenile Adjudication**

Defendant argues that the predicate offense for Count 2 of the superseding indictment, Defendant's 2006 Unlawful Possession of a Firearm in the Second Degree, occurred when Defendant was a juvenile, and juvenile adjudications do not constitute criminal convictions in the state of Washington.  *See Monroe v. Soliz*, 939 P.2d 205, 208 (Wash. 1997) ("Juveniles do not commit 'crimes.'  Instead they commit 'offenses' or 'violations,' which the Legislature has defined as acts, which if committed by an adult, would constitute a crime."); *Mills v. Park*, 409 P.2d 646, 648 (Wash. 1966) ("A juvenile court is not a criminal court.").  Defendant asserts that because his 2006 juvenile adjudication is not a conviction of a crime, it cannot be construed as a crime punishable by more than one year for purposes of Count 2 in this case.

Defendant and the Government agree that "[w]hat constitutes a conviction of . . . a crime [punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held."  18 U.S.C. § 921(a)(20).  Therefore, in this case, the Court must examine the law of the state of Washington in order to determine whether Defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.

**A.  Statutory Basis**

The Washington State Revised Code defines the Unlawful Possession of a Firearm in the Second Degree offense for which Defendant was

adjudicated guilty as follows:

> A person, whether an adult or juvenile, is guilty of the crime of unlawful possession of a firearm in the second degree, if the person . . . owns, has in his or her possession, or has in his or her control any firearm . . . [i]f the person is under eighteen years of age . . . .

Wash.Rev.Code 9.41.040(2)(a). The statute further provides that "a person has been 'convicted', whether in an adult court or adjudicated in a juvenile court, at such time as a plea of guilty has been accepted, or a verdict of guilty has been filed . . . ." Wash.Rev.Code 9.41.040(3). Unlawful Possession of a Firearm in the Second Degree is a class C felony in the state of Washington, punishable by up to 5 years in prison. Wash.Rev.Code 9.41.040(2)(b) (possession in the second degree is a class C felony); Wash.Rev.Code 9A.20.021(1)(c) (a class C felony warrants imprisonment for up to 5 years).

Based on a review of Washington State's relevant criminal statutes, Defendant's juvenile adjudication of guilt for Unlawful Possession of a Firearm in the Second Degree qualifies as a conviction, of a crime, which is punishable by imprisonment for a term exceeding one year. *See State v. McKinley*, 929 P.2d 1145, 1149-1150 (Wash. 1997) (holding that juvenile adjudication of guilt constitutes "conviction" for purposes of Washington's unlawful possession of a firearm statute).

### B. Case Law

The case law cited by Defendant in support of his argument that his 2006 juvenile adjudication is not a conviction of a crime is not persuasive authority.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT 2 - 3

The *Mills* case is inapposite. As indicated by the Government, while the 1966 *Mills* case stated that "[a] juvenile court is not a criminal court," the case actually held that, for purposes of interrogatories in a civil case, the fact that an individual surrendered his driver's license in juvenile court does not mean he was convicted of a crime. *Mills v. Park*, 409 P.2d 646, 648 (Wash. 1966).

The *Monroe* case is distinguishable. The court in *Monroe* addressed a class action suit challenging the constitutionality of Wash.Rev.Code 13.40.280 which permitted DSHS to administratively transfer a juvenile offender from a detention facility to an adult prison. *Monroe v. Soliz*, 939 P.2d 205, 207-208 (Wash. 1997). Chapter 13 of the Revised Code of Washington provides, in relevant part, "[a]n order of court adjudging a child a juvenile offender or dependent under the provisions of this chapter shall in no case be deemed a conviction of crime." Wash.Rev.Code 13.04.240. However, in this case, the applicable state statute is Wash.Rev.Code 9.41.040(2).[1]

Defendant next asserts that the Court should apply case law from the Fourth Circuit to the issue in this case. *See United States v. Walters*, 359 F.3d 340, 346 (4th Cir. 2004) (holding that defendants' prior juvenile adjudications could not serve as underlying convictions necessary to support felon in possession of firearm charges in the United States District Court for the Eastern District of Virginia).

---

[1] As discussed above, a juvenile adjudication of guilt qualifies as a "conviction" for purposes of Washington's unlawful possession of a firearm statute. *State v. McKinley*, 929 P.2d at 1149-1150.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT 2 - 4

The *Walters* court applied Virginia State law.  In contrast to the Washington State statute discussed above, under Virginia law "[a] person who is convicted of a felony is permanently barred from possessing a firearm, whereas a person adjudicated as a juvenile is barred from possessing a firearm only until the age of twenty-nine." *Walters*, 359 F.3d 346 (citing Va. Code Ann. § 18.2-308.2).  The Fourth Circuit also indicated that the predecessor to the relevant Virginia State statute "explicitly removed juvenile adjudications from consideration as convictions for purposes of collateral consequences under Virginia law." *Walters*, 359 F.3d at 344 n.2.  That has not been the case in Washington State.  Washington has consistently treated juvenile adjudications under Wash.Rev.Code 9.41.041 as criminal convictions.  The Fourth Circuit's interpretation of Virginia's state law is not binding case law in this district and is not persuasive authority with respect to the instant issue.

**II. Due Process**

Defendant next asserts that due process considerations require dismissal. *See United Stats v. Tighe*, 266 F.3d 1187 (9th Cir. 2001) (holding that a prior juvenile adjudication could not serve as a predicate conviction for a sentencing enhancement under 18 U.S.C. § 924 because the underlying conduct was never proven to a jury).

In *Tighe*, the Ninth Circuit did not conclude that the juvenile adjudication could not be used in the context of sentencing, just that it needed to be presented to the jury. *Id*. at 1194.  Here, the Government asserts that Defendant's juvenile conviction under Wash.Rev.Code 9.41.040 will be proved to the jury. (ECF No. 69 at

ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT 2 - 5

15).  Furthermore, Defendant is currently facing trial, not a sentencing hearing.  Defendant's argument in this regard is misplaced.

**III.  Rule 609**

Defendant lastly requests that the Court prohibit the Government from referencing any juvenile adjudication of Defendant at trial under Rule 609.  Defendant contends that a juvenile adjudication is not suitable for impeachment at trial.  *See* Fed.R.Evid. 609(d).

Rule 609 applies to an attack of a witness's character for truthfulness by evidence of a criminal conviction.  Fed.R.Evid. 609(a).  However, the Government offers evidence of Defendant's 2006 conviction to prove an element of the charged offense in Count 2, not to attack Defendant's character.  Rule 609 is not applicable to this issue.  Defendant's motion to exclude this evidence is denied.

**RULING**

Based on the foregoing, the Court determines that, pursuant to Washington State law, a juvenile adjudication under Wash.Rev.Code 9.41.040 is a crime punishable by imprisonment exceeding one year for purposes of 18 U.S.C. § 922(g)(1).  Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Count 2 (**ECF No. 51**) is **DENIED.**

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this  9th  day of October, 2012.

                          S/Fred Van Sickle
                          Fred Van Sickle
                    Senior United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT 2 - 6