UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>FIDEL ANTONIO MENDEZ,<br><br>                    Defendant. | No.  CR-12-6024-FVS<br><br>ORDER DENYING DEFENDANT'S<br>MOTION FOR RECONSIDERATION |

**THIS MATTER** came before the Court on January 10, 2013, on Defendant's motion for reconsideration of the Court's October 9, 2012 order denying Defendant's motion to dismiss Count 2 of the Superseding Indictment (ECF No. 81). (ECF No. 94). Defendant was represented by Diane E. Hehir. The Government was represented by Alexander C. Ekstrom. This order is intended to memorialize and supplement the Court's oral ruling.

**BACKGROUND**

Count 2 of the Superseding Indictment in this matter alleges a violation of 18 U.S.C. § 922(g)(1). Section 922(g)(1) criminalizes the possession of a firearm by an individual who has previously been convicted in any court of a "crime punishable by imprisonment exceeding one year." 18 U.S.C. § 922(g)(1).

Defendant previously argued that because his 2006 juvenile adjudication is not a conviction of a crime, it cannot be construed as a crime punishable by more than one year for purposes of Count 2 in this case. Defendant continues to assert that the predicate offense

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION - 1

for Count 2, Defendant's 2006 Unlawful Possession of a Firearm in the Second Degree, occurred when Defendant was a juvenile, and juvenile adjudications do not constitute criminal convictions in the state of Washington.

As previously addressed by the Court, the Washington State Revised Code defines the Unlawful Possession of a Firearm in the Second Degree offense for which Defendant was adjudicated guilty as follows:

> A person, whether an adult or juvenile, is guilty of the crime of unlawful possession of a firearm in the second degree, if the person . . . owns, has in his or her possession, or has in his or her control any firearm . . . [i]f the person is under eighteen years of age . . . .

Wash.Rev.Code 9.41.040(2)(a). The statute further provides that "a person has been 'convicted', whether in an adult court or adjudicated in a juvenile court, at such time as a plea of guilty has been accepted, or a verdict of guilty has been filed . . . ." Wash.Rev.Code 9.41.040(3). Unlawful Possession of a Firearm in the Second Degree is a class C felony in the state of Washington. Wash.Rev.Code 9.41.040(2)(b). A class C felony warrants imprisonment for up to 5 years. Wash.Rev.Code 9A.20.021(1)(c). (ECF No. 81).

The Court determined that Defendant's juvenile adjudication of guilt for Unlawful Possession of a Firearm in the Second Degree qualifies as a conviction, of a crime, which is punishable by imprisonment for a term exceeding one year. *See State v. McKinley*, 929 P.2d 1145, 1149-1150 (Wash. 1997) (holding that juvenile adjudication of guilt constitutes "conviction" for purposes of Washington's unlawful possession of a firearm statute). (ECF No. 81).

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION - 2

**DISCUSSION**

**I.   Timeliness of Motion for Reconsideration**

The Government asserts that those portions of Defendant's motion for reconsideration which do not address a Second Amendment challenge to Count 2 of the indictment are untimely and should therefore be stricken. (ECF No. 100 at 2).

On October 9, 2012, the Court denied Defendant's motion to dismiss count 2 of the indictment. (ECF No. 81). On November 6, 2012, Defendant filed a motion for an extension of time to file additional pretrial motions. (ECF No. 89). The Government responded it understood the request for a continuance was based on Defendant's desire to raise one new challenge to Count 2 of the indictment (an assertion of a violation of the Second Amendment). The Government indicated it had no objection to the motion for a continuance solely for this purpose (ECF No. 92). The Court granted the motion for a continuance and set a pretrial motions deadline for December 20, 2012. (ECF No. 93). Defendant filed the instant motion for reconsideration on that date.

The district court has inherent authority within the time period allowed for filing an appeal to reconsider a prior order. *United States v. Jones*, 608 F.2d 386, 390 (9th Cir. 1979) ("Allowing the district court to reconsider its suppression order furthers the policy favoring judicial economy."); *United States v. Rubio*, 727 F.2d 786, 799 (9th Cir. 1983) (A motion for reconsideration is timely presented if filed within the original period for review.). However, "trial court decisions ordinarily become final and unreviewable when the time

for appeal and reconsideration has expired." *United States v. Foumai*, 910 F.2d 617, 620 (9th Cir. 1990). A defendant's notice of appeal must be filed within 14 days after the entry of the order being appealed. Fed.R.App.P. 4(b)(1)(A)(i).

The order being challenged by Defendant was issued by the Court on October 9, 2012. (ECF No. 81). Defendant filed his motion for reconsideration on December 20, 2012. Although the Court believes it is probably a close call on the issue regarding the timeliness of Defendant's motion for reconsideration, the Court is inclined to address the merits of Defendant's claims in the instant motion. Accordingly, the Government's motion to dismiss Defendant's motion for reconsideration as untimely is denied.

**II.  Merits of Defendant's Claims**

  **A.  Due Process**

Defendant asserts that, pursuant to *United States v. Tighe*, 266 F.3d 1187 (9th Cir. 2001), due process considerations require dismissal. (ECF No. 95 at 2). In *Tighe*, the Ninth Circuit held that a prior juvenile adjudication could not serve as a predicate conviction for a sentencing enhancement under 18 U.S.C. § 924 because the underlying conduct was never proven to a jury. This argument was articulated by Defendant in his initial briefing.

As indicated by the Court in its prior order, in *Tighe*, the Ninth Circuit did not conclude that the juvenile adjudication could not be used in the context of sentencing, just that it needed to be presented to the jury. *Id.* at 1194. Here, as previously indicated by Government, Defendant's juvenile conviction under Wash.Rev.Code

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION - 4

9.41.040 will be presented to the jury. (ECF No. 69 at 15). In addition, Defendant is currently facing trial, not a sentencing hearing. As previously concluded by the Court, Defendant's Due Process argument is misplaced.

### B. Rule 609

Defendant again requests that the Court prohibit the Government from referencing the juvenile adjudication of Defendant at trial under Fed.R.Evid. 609. (ECF No. 95 at 3-4).

As previously indicated by the Court, Rule 609 applies to an attack of a witness's character for truthfulness by evidence of a criminal conviction. Fed.R.Evid. 609(a). Evidence of Defendant's juvenile adjudication will be offered by the Government to prove an element of the crime alleged in Count 2, not to attack his character for truthfulness. Defendant's Rule 609 claim is without merit.

### C. Second Amendment

Defendant, citing *District of Columbia v. Heller*, 128 S.Ct. 2783 (2008), asserts there are also Second Amendment problems with the use of a juvenile adjudication as disqualification of the right to bear arms. (ECF No. 95 at 5-6).

The Supreme Court in *Heller* determined that "the Second Amendment conferred an individual right to keep and bear arms," albeit not an unlimited right. *Heller*, 128 S.Ct. at 2799. In identifying broadly the scope of those limitations, the Supreme Court emphasized that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places

such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Id.* at 2816-17. *Heller* did not disturb or implicate the constitutionality of Section 922(g). *See United States v. Vongxay*, 594 F.3d 1111, 1114 (9th Cir. 2010). Therefore, charging Defendant under 18 U.S.C. § 922(g)(1) does not raise Second Amendment issues.

### D. Equal Protection

Defendant contends an equal protection problem arises from treating him differently than citizens of other states. (ECF No. 95 at 6-8). *See United States v. Walters*, 359 F.3d 340, 346 (4th Cir. 2004) (holding that Mr. Walter's prior juvenile adjudications could not serve as underlying convictions necessary to support felon in possession of firearm charges in the United States District Court for the Eastern District of Virginia).

The *Walters* decision applied Virginia State law. Defendant, however, violated Washington State law. Accordingly, in this case, the Court is compelled to apply Washington State law to determine whether Defendant was convicted of a crime punishable by imprisonment for a term exceeding one year. *See* 18 U.S.C. § 921(a)(20) ("What constitutes a conviction of . . . a crime [punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held."). If Defendant violated the laws of Virginia or some other jurisdiction, the characterizations of his offense may very well have been different.

///

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION - 6

The Ninth Circuit considered an equal protection challenge to 18 U.S.C. § 922(g)(1) in *Vongxay*. *Vongxay*, 594 F.3d at 1118-1119 (Vongxay argued that 18 U.S.C. § 922(g)(1) violated his right to equal protection under the Fifth Amendment because the status of "felon" is determined differently from state-to-state). The Ninth Circuit determined that Section 922(g)(1), which defers to differing state laws to define its terms, did not violate the equal protection guarantees of the Fifth Amendment. *Id*.

The Court determines that 18 U.S.C. § 922(g)(1)'s use of state law felony classifications does not violate the Equal Protection Clause.

**E.    Juvenile Delinquents Under Washington Law**

In Defendant's reply brief, Defendant argues that juvenile delinquents cannot be "imprisoned" under Washington State law. (ECF No. 102 at 6-7). Defendant contends they are instead "detained" by the Department of Social and Health Services. Wash.Rev.Code 13.40.020(5). Defendant also argues for the first time in his reply brief that Defendant's confinement as a result of his juvenile adjudication could not have exceeded one year. (ECF No. 102 at 7-8). Defendant asserts that the maximum commitment of a juvenile delinquent varies depending upon his age at the time of his juvenile adjudication, and Defendant was in a category calling for a detention of less than 30 days. *Id*.

Defendant's arguments are unpersuasive. As articulated by the Court in its prior order, pursuant to Wash.Rev.Code 9.41.040, "a person has been 'convicted', whether in an adult court or adjudicated

in a juvenile court, at such time as a plea of guilty has been accepted, or a verdict of guilty has been filed . . . ." Wash.Rev.Code 9.41.040(3). Unlawful Possession of a Firearm in the Second Degree is a class C felony, Wash.Rev.Code 9.41.040(2)(b), and a class C felony warrants imprisonment for up to 5 years, Wash.Rev.Code 9A.20.021(1)(c). (ECF No. 81). Consequently, Defendant faced a maximum of 5 years imprisonment for his conviction of the class C felony, Unlawful Possession of a Firearm in the Second Degree.

### III. Bifurcation

Defendant requests that the Court bifurcate his trial. (ECF No. 95 at 4). Defendant suggests that phase one would include evidence pertaining to Count 1 of the indictment, Defendant's possession of an unregistered firearm, and phase two would include evidence regarding Count 2 of the indictment, Felon in Possession of a Firearm. The Government opposes bifurcation. (ECF No. 100 at 5, n. 4).

Because the juvenile adjudication is not an element of the charged offense in Count 1, the Court determines that bifurcation is appropriate in order to avoid any resultant prejudice on Count 1 stemming from the introduction of evidence of Defendant's prior juvenile adjudication. Therefore, Defendant's request to bifurcate the counts is granted. The trial on Count 2 shall trail the trial on Count 1.

### CONCLUSION

Pursuant to Washington State law, a juvenile adjudication under Wash.Rev.Code 9.41.040 is a crime punishable by imprisonment exceeding one year for purposes of 18 U.S.C. § 922(g)(1). Accordingly, **IT IS**

**HEREBY ORDERED** that Defendant's motion for reconsideration of the Court's October 9, 2012 order denying Defendant's motion to dismiss Count 2 of the Superseding Indictment (**ECF No. 94**) is **DENIED**.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___11th___ day of January, 2013.

```
                    S/Fred Van Sickle
                    Fred Van Sickle
          Senior United States District Judge
```